IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ROBERT PETERSON,

       Plaintiff,

vs.                                     No. 09-4122-SAC

EXIDE TECHNOLOGIES,

       Defendant.

## MEMORANDUM AND ORDER

This case comes before the court on Plaintiff's motion for review of the Clerk's taxation of costs.

### Burden of Proof/Standard of Review

The prevailing party bears the burden to prove that the expenses sought to be taxed are authorized by 28 USC § 1920. *Green Constr. Co. v. Kansas Power & Light Co.*, 153 F.R.D. 670, 675 (D.Kan. 1994). If the prevailing party carries that burden, a presumption arises in favor of taxing those costs. *U.S. Indus., Inc. v. Touche Ross & Co.*, 854 F.2d 1223, 1245 (10th Cir. 1988). A "district court has broad discretion to award costs," *Cantrell v. International Brotherhood of Electrical Workers, AFL–CIO, Local 2021,* 69 F.3d 456, 458 (10th Cir. 1995), but must provide a valid reason for not awarding costs to a prevailing party, *Furr v. AT & T Technologies, Inc.,*

824 F.2d 1537, 1550 -1551 (10th Cir. 1987). A trial court reviews *de novo* the clerk's assessment of costs to ensure that it is reasonable. *See Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227, 232–33 (1964).

**Waiver by Non-compliance With Local Rule**

Defendant contends that Plaintiff waived judicial review of the costs assessed by the clerk by failing to object to Defendant's bill of costs, as required by the Local Rules. Defendant's argument is based on D.Kan. Rule 54(b)(1), which states:

> Within 14 days from the date the bill was filed, a party who objects to any item in a bill of costs must file a memorandum setting forth such objections with supporting documentation.

It is uncontested that Plaintiff filed no objection to Defendant's bill of costs before seeking judicial review of the clerk's assessed costs.

Consistently, the Local Rule also requires the party seeking costs to timely file a bill of costs, yet provides that "[t]he failure of a prevailing party to timely file a bill of costs constitutes a waiver of taxable costs." Local Rule 54.1(a)(3). But the Local Rule does not state, as it could have, that the failure of a losing party to object to the bill of costs constitutes a waiver of judicial review of the clerk's action.[1] Instead, the Local Rule provides that "[i]f no timely objections are filed, the clerk may tax costs as claimed in the bill," and that "[p]ursuant to Fed.R.Civ.P. 54(d), the court may review the

---

[1] Under the statutory interpretation canon of *expressio unis est exclusio alterius*, where a law expressly describes a particular situation to which it shall apply, what was omitted was intended to be omitted.

clerk's action when a party files and serves a motion for review within 7 days of the date the clerk taxes costs." Local Rule 54.1(b)(3); (c). Our Local Rule thus does not expressly or impliedly condition this Court's review of the clerk's assessment of costs on a party's objection to the bill of costs.

Fed. R. Civ. P. 54(d)(1) provides that the court may review the clerk's act of taxing costs on motion served within seven days after the clerk's award. Plaintiff has timely filed and served such a motion. *See* Dk. 81, 82. Thus Plaintiff's failure to object to the bill of costs does not preclude this court's review of the costs assessed by the clerk.

Further, this court agrees that "[i]n the costs award context, the district court is conducting a *de novo* review of an essentially ministerial act of the clerk of court. It is important that the district court have access to all evidence relevant to help it insure that the imposition of a costs award is equitable." *In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 453 (3rd Cir. 2000).

**Indigence as Bar to Award of Costs**

Plaintiff asks the Court to deny all costs due to Plaintiff's IFP status. The record reflects that in March of 2011, approximately one month after the judgment was entered, Plaintiff moved to appeal in forma pauperis and filed his notice of appeal. *See* Dk. 71, 74. His IFP motion was granted the next day.

The Tenth Circuit has held that a district court does not abuse its discretion by awarding costs against an indigent party. *See Johnson v. Oklahoma ex rel. Univ. of Oklahoma Bd. of Regents,* 229 F.3d 1163, 1163 (10th Cir. 2000) (finding that relying on the 'parties' comparative economic power would almost always favor an individual plaintiff.) Indigence is not a controlling factor. *Id.* It is therefore left to the Court's discretion whether Plaintiff's indigent status should prevent an award of costs against him.

Defendant asserts that Plaintiff has "waived" the argument that indigence precludes costs. Defendant contends that the Tenth Circuit has already decided that Defendant is entitled to receive some costs, because: 1) the judgment awarded costs in favor of Defendant; 2) Plaintiff appealed that judgment but did not contend that an award of costs was improper due to his financial condition; and 3) the Tenth Circuit affirmed the judgment in its entirety. Plaintiff responds that he implicitly appealed the issue of costs by substantively appealing the judgment, because if he had been successful, any award of costs would necessarily have been inappropriate.

The Court finds no authority for Defendant's waiver argument, and exercises its discretion to reach the merits of the matter. Yet the Court declines to find an award of costs inappropriate based solely on the fact that Plaintiff was granted leave to appeal in forma pauperis. Plaintiff has presented no supporting documentation to show that he is currently indigent, and his declaration in support of his IFP motion is over 17 months

old. But even had the proper documentation been presented, the Court would likely not exercise its discretion so as to defeat the presumption that the Defendant is entitled to an award of costs. Whether those costs are collectible or not is beyond the Court's purview. Accordingly, the Court reaches the merits of Plaintiff's objections to specific cost items.

**Filing Fee After Removal**

Plaintiff first contends that he should not be taxed the $350 filing fee imposed upon Defendant's removal of the case to federal court. Plaintiff, who paid a filing fee when he initiated the case in state court, claims that the duplicative filing fee would be unjust.

The removal statute, 28 U.S.C. § 1446(d), requires that the notice of removal be filed in federal court. The removed case is thus subject to the court's filing fee, which is a taxable cost under § 1920. The $350.00 for the Notice of Removal filing fee is thus a taxable 'fee of the clerk' under 28 U.S.C. § 1920. Because Defendant was required to pay this cost when it removed this action to federal court, the Court finds that this cost is properly taxable to the Plaintiff.

**Depositions and Copies of Depositions**

Plaintiff next challenges the costs of all depositions and copies ($2,247.23), except for costs related to his own deposition and its continuance ($971.00), contending the depositions of Defendant's own

employees were not necessary for use in the case but were merely convenient, and were taken solely for discovery purposes.

28 U.S.C. § 1920 permits recovery of deposition costs "necessarily obtained for use in the case." 28 U.S.C. § 1920(2),(4). The Tenth Circuit interprets the statute, which allows 'fees for the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case,' to allow taxing of the costs of taking and transcribing depositions. *Ramos v. Lamm,* 713 F.2d 546, 560 (10th Cir. 1983). Costs for copies of depositions which are reasonably necessary for trial are also included. *Ortega v. IBP,* 883 F.Supp. 558, 561 (D. Kan. 1995), citing 28 U.S.C. § 1920(4), as "the practicalities of preparing a case for trial often require that the attorneys have frequent and ready access to the depositions, and that they be able to mark annotations and cross-references on the pages." *SCA Services, Inc. v. Lucky Stores*, 599 F.2d 178, 181 (7th Cir. 1979). These costs can be awarded even if the depositions are not used at trial. *U.S. Indus., Inc. v. Touche Ross & Co.,* 854 F.2d 1223, 1246 (10th Cir. 1988).

Plaintiff contends that Defendant had no need to depose its own employees because it could have obtained affidavits from them instead. But the permissible cost of depositions includes the prevailing party's own depositions, *see Ramos,* 713 F.2d at 560; *SCA Services,* 599 F.2d at 181, and the Court respects Defendant's judgment that depositions, which unlike

affidavits reflect the voice of the deponent and his cross-examination, were necessary for use in this case.

The Court thus examines whether the original depositions and copies were reasonably necessary for use in this case. See *Ramos,* 713 F.2d at 560. Contrary to Plaintiff's assertion, none of the depositions was purely investigatory in nature. Instead, all the challenged depositions (those of Swaiger, Keyes, Thompson, and Cornish) were used by this Court in deciding the summary judgment motion. Use at trial by counsel or the court readily demonstrates necessity. *U.S. Industries, Inc. v. Touche Ross & Co.*, 854 F.2d 1223, 1246 (10th Cir. 1988). *See Gibson v. Greater Park City Co.,* 818 F.2d 722, 725 (10th Cir. 1987).Although only small portions of the depositions were necessary to support the summary judgment motion, "the fact that only small parts of a transcript were used later in the case is not evidence that the entire transcript was unnecessarily obtained at an earlier point in time." *Carani v. Meisner*, 2011 WL 1221748 (D.Colo. 2011). The Court is satisfied that all the depositions and copies for which costs are sought were reasonably necessary for trial. *See* 28 U.S.C. § 1920(2). *Cf. Furr v. AT & T Technologies, Inc.,* 824 F.2d 1537, 1550 (10th Cir. 1987).

**Printing and Copying Costs**

Plaintiff also challenges $525.10 which Defendant represents as its costs of making black and white copies, printing, and "burning" images of documents onto CDs and DVDs for production in discovery. Dk. 80, p. 3.

7

"Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case" are recoverable costs pursuant to 28 U.S.C. § 1920(4). Similarly, "[f]ees and disbursements for printing and witnesses" are recoverable pursuant to 28 U.S.C. § 1920(3). Plaintiff contends that Defendant's supporting documentation does not show the necessity of such items. But Defendant shows the Court that its copies and prints were used as deposition exhibits and for reviewing and noting documents for deposition preparation, and that the CDs and DVDs were used to produce documents in discovery. Dk. 80, p. 3.

Plaintiff additionally asserts that copies relating to matters not actually litigated (such as the amount of Plaintiff's damages or Plaintiff's tax returns) were not reasonably necessary. Plaintiff alludes to the grant of summary judgment in Defendant's favor, which mooted the issue of Plaintiff's damages. But the Court asks whether the charges were reasonably necessary at the time they were incurred, instead of at a later date.

> Thus we do not "employ the benefit of hindsight" in determining whether materials for which a prevailing party requests costs are reasonably necessary to the litigation of the case. *Id.* We base this determination, instead, solely "on the particular facts and circumstances at the time the expense was incurred." *Id.; see also Allison v. Bank One–Denver,* 289 F.3d 1223, 1249 (10th Cir.2002) (recognizing that as long as the expense "appeared to be reasonably necessary at the time it was" incurred, "the taxing of such costs should be approved"). The standard is one of reasonableness. *See Mitchell,* 218 F.3d at 1204. If "materials or services are reasonably necessary for use in the case," even if they are ultimately not used to dispose of the matter, the district court "can find necessity and award the

8

> recovery of costs." *Callicrate,* 139 F.3d at 1339. Thus, we will not
> "penalize a party who happens to prevail on a dispositive motion by
> not awarding costs associated with that portion of discovery which had
> no bearing on the dispositive motion, but which appeared otherwise
> necessary at the time it was taken for proper preparation of the case."
> *Id.* at 1340.

*In re Williams Securities Litigation-WCG Subclass*, 558 F.3d 1144, 1148

(10th Cir. 2009). The Court finds that the copies, prints, CDs and DVDs,

including those relating to the issue of damages or taxes, were reasonably

necessary to the litigation of the case at the time they were incurred.

**Fees for Serving Subpoenas**

Lastly, Plaintiff contends that the fees for service of subpoenas by a

private process server are not authorized by the statute. But the statute

authorizes the Court to tax "[f]ees of the clerk and marshal." 28 U.S.C. §

1920(1). Although Defendant did not pay these fees to the marshal, this

district commonly holds that fees paid to private process servers are

generally taxable up to the amount that would have been incurred if the U.S.

Marshal's office had effected service. *See e.g., Griffith v. Mt. Carmel Med.

Ctr.*, 157 F.R.D. 499, 508 (D.Kan. 1994); *Burton v. R.J. Reynolds Tobacco

Co.,* 395 F.Supp.2d 1065, 1078 (D.Kan. 2005); *Cohen-Esrey Real Estate

Services, Inc. v. Twin City Fire Ins. Co.*, 2011 WL 3608671, 1 (D.Kan. 2011).

In May of 2010, when these challenged fees were incurred, the

Marshal was entitled to fees of $55 per hour for each item personally served,

plus travel costs (including mileage) and all other out-of-pocket expenses.

28 CFR § 0.114(a)(3). It does not appear that the cost of service of the

subpoenas by a private process server exceeded that amount. Accordingly, the fees assessed by the Clerk for service of process are appropriate.

IT IS THEREFORE ORDERED that Plaintiff's motion for review of costs taxed by clerk is denied, and that the clerk's taxation of costs to Plaintiff in the amount of $3,980.06 is affirmed.

Dated this 9th day of August, 2012 at Topeka, Kansas.


s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge